# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON WHITBY, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>CHELSEA INVESTMENT CORPORATION, etc., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 14cv1633-LAB (BLM)<br><br>**ORDER STRIKING MOTION FOR LEAVE TO AMEND; AND**<br><br>**ORDER DIRECTING PLAINTIFF TO REFILE MOTION** |

　　　On December 1, 2014, Magistrate Judge Barbara Major issued an order amending an earlier scheduling order. The effect of that order was to extend the date until December 15 the date by which Plaintiffs could file a motion for leave to amend the complaint.

　　　On December 15, Plaintiffs filed a noticed motion for leave to file an amended complaint. The notice of motion gives no date or time, and simply lists both as "TBD." A footnote offers the explanation that Plaintiffs' counsel "tried to contact Judge Burns' chambers to get a hearing date in advance of this filing" as required by Civil Local Rule 7.1(b) "but did not get a return call in time before the deadline for filing this motion." The chambers was fully staffed all day on December 15 and no messages or emails were received from Plaintiffs' counsel. In addition, the electronic telephone log shows no call received on that date from Plaintiff's counsel's office.

There are any number of explanations why a message might not be received or a call returned, and the Court is not questioning the truthfulness of Plaintiff's counsel's representations. But the key point is that it is the responsibility of the moving party's counsel, not chambers staff, to see that the date is obtained. They are well advised to do so early rather than waiting until the deadline is upon them. *See Kashin v. Kent*, 2007 WL 1975435, at *2 (S.D.Cal., Apr. 26, 2007) (citing authority for the principle that counsel should file early, and that by waiting until the last moment they assume the risk of untimeliness).

The requirement that a party obtain a hearing date from the judge's clerk is an important one, and failure to comply with it is grounds for rejecting or striking a filing — even if that results in a party losing its substantive rights. *Id*. at *1–2. *See also Kashin v. Kent*, 342 Fed. Appx. 341 (9th Cir. 2009) (affirming district court's rejection of motion and subsequent denial on untimeliness grounds of motion for attorney's fees). The motion (Docket no. 58) is therefore **ORDERED STRICKEN** and the Clerk is directed to remove it from the docket.

The Court recognizes the strong policy in favor of decisions on the merits rather than by default. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).     Plaintiffs may file a  renewed motion for leave to amend no later than **December 28, 2014** but they must first obtain the required hearing date..

The renewed motion must address an additional issue, on which the Court would have required additional briefing even if the motion were not stricken. One of the reasons Plaintiffs gave in their *ex parte* motion before Judge Major (Docket no. 46) was the pendency of two motions that could "impact the scope of necessary amendments." (*Id*. at 2:2–4.) Essentially, Plaintiffs are asking for a ruling on motions to dismiss the complaint that they intend to amend. Because an amended pleading supersedes the previous one, the Court's ruling on the pending motions might well be dead on arrival.  Besides the fact that the Court is not allowed to rule on moot issues or issue advisory opinions, it would be a great waste of judicial resources. In their renewed motion for leave to amend, Plaintiffs should make clear whether the proposed amendments would render the pending motions moot. If so, and if the motion to amend were granted, the pending motions would be denied as moot  If not,

the Court could rule on the motions. The renewed motion **must** therefore explain to what extent the relief sought would render the pending motions moot.

Assuming leave to amend were granted, Defendants would have two options. If they believe the pending motions would become moot or would require amendment so as to apply properly to the proposed amended complaint, the motions could be denied as moot and Defendants could move to dismiss the amended complaint if they think that is warranted. If they believe the proposed amendments to the complaint would have little or no effect on the pending motions to dismiss, the Court could construe the pending motions as motions to dismiss the amended complaint. Defendants' opposition to the motion for leave to amend should address which of the two options they think is appropriate here.

**IT IS SO ORDERED**.

DATED: December 18, 2014

_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge