# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON WHITBY, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CHELSEA INVESTMENT CORPORATION, etc., et al.,<br><br>　　　　　　　Defendants. | CASE NO. 14cv1633-LAB (BLM)<br><br>**ORDER GRANTING MOTIONS TO DISMISS; AND**<br><br>**ORDER GRANTING IN PART *EX PARTE* MOTION FOR LEAVE TO AMEND**<br><br>[DOCKET NUMBERS 18, 27, 67.] |

　　　This putative class action was brought under the Fair Housing Act by tenants of an apartment complex in San Diego, the Windwood Village Apartments. They allege Defendants discriminated against them based on familial status, *i.e.*, being families with children.

　　　The Defendant identified as MMA PHR CIC, L.P. moved to dismiss for improper service. (Docket no. 18.) It contended that Plaintiffs served Elizabeth Zepeda in an effort to effect service on it, but that this was ineffective. This Defendant argued that there is no such entity as MMA PHR CIC, L.P., that Zepeda instead worked for Chelsea Investment Corporation as a Risk Coordinator/Risk Manager and was neither an officer nor agent of MMA PHR CIC, L.P. It also alleged that personal service was not followed by mailing, as required by law.

　　　Defendants James Schmid, Lynn Harrington Schmid, and the Schmid Family Trust

1 | also moved to dismiss (Docket no. 27), because the complaint failed to allege what control
2 | they had over the apartment complex or its management.

3 | Although Plaintiffs opposed these motions, they recently filed an *ex parte* motion for
4 | leave to amend. (Docket no. 67.) That motion implicitly concedes the essential arguments
5 | in both motions to dismiss (*id.* at 4:4–4:5) and seeks leave to amend the complaint to correct
6 | them. The motion goes beyond this, though, and seeks to add the claims of one more family
7 | at the Windwood Village Apartments, as well as families at six other complexes owned or
8 | managed by the same Defendants. But because those complexes have other owners as
9 | well, the complaint would need to be amended to name them. The motion says six other
10 | complex are under review for inclusion in the action. And finally, it seeks to add all these
11 | claims into one very large class action.

12 | Under Fed. R. Civ. P. 15(a)(2), leave to amend is freely given when justice so
13 | requires. There is a presumption in favor of granting leave to amend, except where prejudice
14 | to the non-moving party would result. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,
15 | 1052 (9th Cir. 2003). The decision rests in the sound discretion of the trial court. *Int'l Ass'n*
16 | *of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir.
17 | 1985).

18 | Bringing new apartment complexes, new plaintiffs, and new defendants into this action
19 | would not serve the ends of justice. It would only have the effect of consolidating in one
20 | action claims by different plaintiffs against several different sets of defendants. Those claims
21 | could just as easily and efficiently — if not more so — be brought separately, resulting in no
22 | prejudice to any of the existing Plaintiffs or Defendants. The only exception is the request to
23 | add Daud and Shokria Nawaey as Plaintiffs, who can efficiently and without prejudice join
24 | as Plaintiffs in this action because they are also tenants of the Windwood Village Apartments.
25 | / / /
26 | / / /

27 | Defendants' opposition to the motion to dismiss also correctly points out that adding
28 | claims pertaining to different apartment complexes this far into the litigation process, after

a good deal of discovery has already been taken, would unfairly prejudice Defendants.

The two motions to dismiss are therefore **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**. The motion for leave to amend is **GRANTED** in part. The proposed amended complaint attached as an exhibit to the motion for leave to amend is unacceptable in its present form.

Although the parties have briefed the motion for leave to amend as if it were a motion to dismiss or a motion for summary judgment, the Court cannot safely say the complaint cannot be successfully amended. Defendants may renew their arguments in later motions, if appropriate.

Plaintiffs may, within 14 calendar days of the date this order is entered in the docket, file an amended complaint addressing the deficiencies addressed in the motions to dismiss and conceded in the motion for leave to amend. They should also take care that the amended complaint addresses concerns raised in Defendants' oppositions to the motion for leave to amend.  They may add Daud and Shokria Nawaey as Plaintiffs, but no one else. They may correct or clarify the names or identities of Defendants sued in the original complaint, but must not name any Defendants except those they allege to be liable for Fair Housing Act violations at the Windwood Village Apartments.  After filing the amended complaint, they should re-serve the Defendant they erroneously sued as MMA PHR CIC, L.P., within 14 calendar days.

Except as expressly modified in this order or by Magistrate Judge Major, the case management dates set by Judge Major remain in place.

**IT IS SO ORDERED**.

DATED: February 27, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge