# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON WHITBY, et al.,<br><br>                          Plaintiffs,<br>vs.<br>CHELSEA INVESTMENT CORPORATION, etc., et al.,<br><br>                          Defendants. | CASE NO. 14cv1633-LAB (BLM)<br><br>**ORDER ON MOTION TO CLARIFY** |

       Plaintiffs sought leave to file an amended complaint in this putative class action. Among other things, the proposed amended complaint would have added two plaintiffs from the Windwood Village Apartments, Daud and Shokria Nawaey. The Court gave leave to amend to add these two new plaintiffs, but denied leave to add plaintiffs who live in other apartment complexes.

       Plaintiffs have now filed a motion for clarification (Docket no. 74) informing the Court for the very first time that they have a related case pending in which the minor children of some of the Plaintiffs in this case are themselves plaintiffs. The motion does not identify the other case by name or case number, but it appears to be 15cv355-H (WVG), *Ethan Whitby v. Chelsea Investment Corporation*. Failing to apprise the Court of this during the pendency of their motion to dismiss was improper, as was their failure, and the failure of the plaintiffs in the other case, to file a notice of related case. *See* Civil Local Rule 40.1(f). One of

Plaintiffs' attorneys in this case is also counsel for plaintiffs in 15cv355, so obviously they knew about the cases' relationship. The Court also notes that in case 15cv355, the plaintiffs are all minors, and no guardians *ad litem* are identified. *See* Fed. R. Civ. P. 17; *Prudential Ins. Co. of America v. Remington*, 2013 WL 3070629, slip op. at *1 (E.D.Cal., June 17, 2013). Presumably their parents are serving in that capacity. *See id.*; *Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D.N.C. 1996) (in the absence of an appointed guardian *ad litem*, parents are presumed to act in a child's interest).

Plaintiffs never sought leave in this case to add any residents of the Windwood Village Apartments except for the Nawaeys. (*See* Ex Parte Motion for Leave to Amend (Docket no. 67), at 5:15–26; Proposed Amended Complaint (Docket no. 67-3) at 1, 4:12–5:20 (naming plaintiffs).) Nor did Plaintiffs apprise the Court of the other pending action. The issue of adding other family members was not briefed and Defendants were not given an opportunity be heard. Therefore the Court did not grant leave to add any other plaintiffs. Furthermore, because this is a putative class action, other residents of the Windwood Village Apartments who are members of families with young children are already members of the putative class. Why they would be bringing a parallel lawsuit, filed by an attorney representing Plaintiffs in this action, and presumably under the direction of their parents — who are parties to this action — is unclear. These multiple errors have put the two cases in a very awkward posture.

It may happen that case 15cv355 will be transferred to the undersigned judge pursuant to this Court's rule on related cases. If and when that happens, and if the posture of the cases has not been set right already, the Court will manage the two cases so that they can be properly litigated. But in the meantime, nothing prevents Plaintiffs from taking appropriate corrective action, such as by seeking leave to dismiss or add particular parties or claims in the two cases. If they do so, they should seek a comprehensive solution, rather than attempting to make corrections piecemeal. They should also confer with opposing counsel and, if possible, proceed by joint motion rather than *ex parte*.

/ / /

/ / /

The Court believes this clarifies its order, and the Clerk is directed to terminate the motion.

**IT IS SO ORDERED**.

DATED:  March 5, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge