UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON WHITBY, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CHELSEA INVESTMENT CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 14cv1633-LAB (BLM)<br>(consolidated with Case No. 15cv355-LAB (BLM))<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR COURT ORDER FOR MENTAL EXAMINATIONS**<br><br>[ECF No. 165] |

　　　　On October 2, 2015, Defendants filed a Motion for Court Order for Mental Examinations. ECF No. 165. Defendants assert that Plaintiffs hired an expert forensic psychiatrist, Dr. Suzanne Dupee, who examined twelve Plaintiffs and issued an expert report opining that "Plaintiffs have suffered 'mild to severe emotional distress'" and that "Defendants' actions caused 'significant emotional trauma and distress.'" Id. at 2. Defendants rely on Rule 35 of the Federal Rules of Civil Procedure ("FRCP") to argue that they are entitled to obtain independent mental examinations ("IMEs") of the Plaintiffs to evaluate the validity of Plaintiffs' claims to mental distress and emotional trauma. Id.

　　　　Plaintiffs oppose Defendants' motion. ECF No. 168. Initially, Plaintiffs argue that Defendants' motion does not satisfy the requirements of Rule 35. Id. at 4-5. Plaintiffs also argue that the IMEs are inappropriate because Plaintiffs can obtain emotional distress

damages without "fullscale medical or mental evaluations" and the emotional distress damages are not a "major component of damages." Id. at 5-8. Finally, Plaintiffs argue that the IMEs will violate the California Constitution's right to privacy. Id. at 8.

In their reply, Defendants assert that the exams are limited in time and scope and that their request complies with the federal rules. ECF No. 171 at 2-3, 7. Defendants further argue that it was Plaintiffs who hired a psychiatric expert and put the significant and severe emotional distress claims at issue in this case and that Defendants are merely responding to Plaintiffs' evidence. Id. at 1-6. Defendants also note that Plaintiffs are seeking significant monetary damages for their emotional distress and that there is a Protective Order in this case which will protect the Plaintiffs' privacy. Id. at 6-7.

FRCP 35(a) allows the Court to order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when that party's mental or physical condition is in controversy. FRCP 35(a). The order "(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Id. "Although the Ninth Circuit has not addressed the 'in controversy' requirement, a court in this district announced a test in Turner v. Imperial Stores, 161 F.R.D. [89,] 90 (S.D. Cal. Apr. 7, 1995), that has been regularly applied by district courts." Nguyen v. Qualcomm Inc., 2013 WL 3353840, at *3 (S.D. Cal. July 3, 2013) (citing Montez v. Stericycle, Inc., 2013 WL 2150025, at *3 (E.D. Cal. May 16, 2013); Tamburri v. SunTrust Morg. Inc., 2013 WL 942499, at *3 (N.D. Cal. Mar. 11, 2013); Sanders v. Holdings, 2012 WL 2001967, at *2 (S.D. Cal. June 4, 2012); Hongwei Zhang v. United Technologies Corp., 2011 WL 3890262, at *1 (S.D. Cal. Sept. 2, 2011)). According to Turner, courts will order IMEs where a plaintiff alleges emotional distress and one or more of the following is present:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

Turner, 161 F.R.D. at 95.

In assessing whether "good cause" exists, courts have considered "the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." Juarez v. Autozone Stores, Inc., 2011 WL 1532070, at *1 (S.D. Cal. April 21, 2011) (quoting Impey v. Office Depot, Inc., 2010 WL 2985071, at *21 (N.D. Cal. July 27, 2010) (citation omitted)).  Regardless of the results of the good cause inquiry, a court has discretion to determine whether to order an examination.  Nguyen, 2013 WL 3353840, at *4 (citing Williams v. Troehler, 2010 WL 121104, at *4 (E.D. Cal. Jan. 7, 2010) ("even if good cause is shown, it is still within the court's discretion to determine whether to order an examination."); Kob v. County of Marin, 2009 WL 3706820, at *3 (N.D. Cal. Nov. 3, 2009) (since the defendant failed to show good cause, "it remained within the court's discretion whether to grant the Rule 35(a) order."); and Hodges v. Keane, 145 F.R.D. 332, 334 (S.D. N.Y. Jan. 6, 1993) (since defendant does not allege ongoing suffering, "a Rule 35(a) order lies soundly within the court's discretion.")).

Here, Plaintiffs have not alleged a cause of action for intentional or negligent infliction of emotional distress so the first factor weighs against finding the necessary controversy over Plaintiffs' mental condition.  However, the next three factors all weigh in favor of the finding.  Plaintiffs have retained an expert to testify as to their mental state and emotional distress. ECF No. 165-2, Declaration of Colin H. Walshok at 2-3; ECF No. 157. The expert has examined at least twelve of the Plaintiffs and opined that Defendants' actions have "caused emotional trauma that falls within the range of mild to severe of every child and family I evaluated thus far." ECF No. 157-1 at 17.  Finally, while Plaintiffs do not specifically admit that they have placed their mental condition in controversy, they do admit that they intend to make "specific emotional distress [damage] claims." ECF No. 168 at 8. Plaintiffs argue that the specific emotional distress claims will not be "a major component" of their damage claims and that they can obtain significant general emotional distress

damage claims without expert testimony. Id. Even if Plaintiffs' arguments are true, the fact that Plaintiffs intend to present at trial expert testimony from a psychiatrist who examined Plaintiffs that Defendants' conduct caused severe emotional distress to Plaintiffs justifies allowing Defendants to conduct the IMEs. The Court therefore finds that Plaintiffs have placed their mental health in controversy for purposes of FRCP 35. The foregoing facts and analysis also establish the requisite good cause as the desired information is relevant, Plaintiffs have designated an expert to discuss their mental health, Plaintiffs are claiming ongoing emotional distress, and there is no other way for Defendants to obtain the necessary information. See Impey, 2010 WL 2985071, at *21.

The Court also finds that Plaintiffs' additional arguments are without merit. The Defendants' request, as clarified in Defendants' proposed order, complies with Rule 35. Moreover, Plaintiffs' privacy concerns are misplaced as Plaintiffs waived their privacy claims by choosing to put each Plaintiff's medical condition at issue by hiring an expert and asserting that each Plaintiff has suffered significant and specific emotional distress. Defendants' request merely responds to these claims. Moreover, the Court has entered a Protective Order which governs the production of confidential information and could protect the confidential or personal information provided by Plaintiffs during any mental health examination.[1]  ECF No. 57.

Accordingly, Defendants' motion for independent mental examinations of Plaintiffs is **GRANTED.**  It is hereby ordered that:

1. The named Plaintiffs shall submit to a general mental examination by Dr. Kalish or Dr. Carroll at their office at the following times:

    a. Aiden Williams:  November 30, 2015 at 11:00 a.m.

    b. Bonnie Barrows:  November 30, 2015 at 1:00 p.m.

    c. Michael Williams:  November 30, 2015 at 9:00 a.m.

    d. Anisa Whittenburg:  December 1, 2015 at 9:00 a.m.

---

[1] The Court notes that Plaintiffs publicly filed Dr. Dupee's report which contains mental health and other personal information about many of the Plaintiffs, including several children.  ECF No. 157-1.

     e.    Adrian Whittenburg:  December 1, 2015 at 11:00 a.m.

     f.    Adrian Whittenburg, Sr.:  December 1, 2015 at 1:00 p.m.

     g.    Brandon Cole:  December 2, 2015 at 11:00 a.m.

     h.    Tammy Cole :  December 2, 2015 at 9:00 a.m.

     I.    Ariset Flores:  December 3, 2015 at 11:00 a.m.

     j.    Adrell Flores:  December 3, 2015 at 9:00 a.m.

     k.    Angelica Flores:  December 3, 2015 at 1:00 p.m.

     l.    Blancis Jhandi:  December 2, 2015 at 1:00 p.m.

     m.    Remaining Plaintiffs:  TBD

2.    Such examination shall include an assessment of Plaintiffs' alleged emotional trauma and emotional distress associated with their tenancies at the properties at issue in this matter and any and all tests and evaluations which are ordinarily deemed a part of a mental examination to evaluate these complaints.

3.    At the time of said examinations, Plaintiffs shall answer all proper questions and inquiries submitted to him/her by the examiner, including mental health history and relevant history of treatment and care for the purpose of making a proper diagnosis of each of the respective Plaintiffs' conditions.

4.    Plaintiffs' attorney may be present at such examination if the Plaintiff so desires.

5.    Defendants shall bear the costs of such examinations.

**IT IS SO ORDERED.**

DATED: November 10, 2015

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge